IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

IN RE:                                          *
    Gwendolyn P. Glaize                  *  Case No. 21-15885
        Debtor(s)                       *  Chapter 13
                                      *
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CHAPTER 13 PLAN

___ Original          __X__ Amended Plan         ____Modified Plan


**1.    GENERAL PLAN PROVISIONS**

The Debtor proposes the following Chapter 13 Plan and makes the following declarations (mark <u>one</u> of the following boxes that apply for each of 1.1, 1.2, and 1.3 below). ***If a box is marked as "does not..." or if more than one box is marked in each section, the provision will be ineffective if set out later in the plan.***

    **1.1    Declaration as to Nonstandard Provisions.**

This Plan:    X_ does not contain nonstandard provisions.

OR            _ contains nonstandard provisions set out in Section 9 below.

    **1.2    Declaration as to Limiting Secured Claims.**

This Plan:    X_ does not limit the amount of a secured claim.

OR            _ limits the amount of a secured claim based on the value of the collateral

               securing the claim as set out in Sections 5.1 through 5.4 below.

    **1.3    Declaration as to Avoiding Security Interests.**

This Plan:    _X does not avoid a security interest or lien.

OR            _ avoids a security interest or lien as set out in Section 5.1 through 5.4 below.


**2.    NOTICES**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

    **2.1    Notice to Creditors.**

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. ***The declarations set out in Section 1 above may be of particular importance.***

If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Court may confirm this Plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under the Plan.

**2.2  Notices to Debtors**

This form lists options that may be appropriate in some cases, but not all cases. Just because an option is listed on the form does not mean that it is appropriate for you. Plans contrary to local rules and Court rulings may not be confirmed.

**3.  PLAN TERMS.**

The Debtor's future earnings are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows (mark and complete <u>one</u> of 3.1, 3.2, or 3.3 and/or 3.4 below; and optionally, 3.5 as applicable):

\_X **3.1**          **Even Monthly Payments.**

$ <u>1000.00</u>      per month for a term of <u>  60  </u> months.

OR

\_\_ **3.2**          **Varying Monthly Payments.**

$ _____ per month for _____ month(s),

$ _____ per month for _____ month(s),

$ _____ per month for _____ month(s), for a total term of _____ months.

OR

\_\_ **3.3**          **Varying Monthly Payments Before and After Confirmation.**

$ _____ per month before confirmation of this Plan (use Section 4.6.1 below to list the adequate protection payments to be made before confirmation), and $_____ per month after confirmation of this plan, for a total term of _____ months.

AND/OR

\_\_ **3.4**          **Additional Payments.**

In additional to monthly Plan payments under 3.1, 3.2, or 3.3, above, the Debtor will make the payments listed below:

<u>Amount</u>                    <u>Date</u>                              <u>Source of Payment</u>


\_\_ **3.5**          **Additional Payments of Tax Refunds.**

The Debtor will provide the Trustee with copies of State and federal tax returns for the years listed below within 15 days of filing the returns (and must timely file the returns on or

before April 15 of each year). Not later than June 1 of each year, the Debtor will pay into the Plan the amount of refunds exceeding $ _____ (the amount already prorated on Schedule I, if any) for each of the listed years unless otherwise ordered by the Court. The tax refund payments are in addition to, and not a credit against, the other payments required to be paid under the Plan. The Debtor will not make any change to the number of any federal and state tax withholding allowances claimed as of the petition date without 30 days prior notice to the Trustee.
     This commitment covers tax years (list): _____

4.    **DISTRIBUTION OF PLAN PAYMENTS**
    From the payments made, the Trustee will make distributions in the order listed below:

    4.1    **Trustee's Commission.**
    The Trustee will receive the allowed Trustee commission under 11 U.S.C. §1326(b)(2).

    4.2    **Administrative Claims**.
    Next to be paid, except as provided in Section 4.3 below, are administrative claims under 11 U.S.C. §507(a)(2), including Debtor's Counsel fee balance of $__3438.00__ due and payable pursuant to a fee arrangement made under Subparagraphs 4.A, B, or C, of Appendix F to the Local Bankruptcy Rules.

    4.3    **Domestic Support Obligations and Non-Appendix F Attorney Fees.**
    Next to be paid, at the same time and pro rata, are allowed unsecured claims for: (I) domestic support obligations under 11 U.S.C. §507(a)(1); and (ii) any Debtor's Counsel fee allowed under 11 U.S.C. §507(a)(2) by Bankruptcy Court order following an application pursuant to a fee arrangement under Section 7 of Appendix F to the Local Bankruptcy Rules. Debtor's Counsel fee balance to be paid through the Plan is expected to be in the amount of $_____.

    4.4.    **Former Chapter 7 Trustee Claims.**
    Next to be paid are any claims payable to the former Chapter 7 Trustee under 11 U.S.C. § 1326(b)(3). List the monthly payment: $_____.

    4.5    **Priority Claims.**
    Next to be paid are other priority claims defined by 11 U.S.C. §507(a)(3)-(10). List the expected claims below:

| Priority Creditor | Expected Claim Amount |
|---|---|
|  |  |
|  |  |

    4.6    **Secured Claims.**
    Next to be paid, at the same time and pro rata with payments on priority claims under Section 4.5 above, are secured claims as set forth below. The holder of an allowed secured claim retains its lien under 11 U.S.C. § 1325(a)(5)(B)(I). Any allowed secured claim listed in the Plan to be paid by the Trustee will be deemed provided for under the Plan. Any allowed secured claim

not listed in the Plan to be paid by the Trustee, or not stated to be paid outside of or otherwise addressed in the Plan, will be deemed not provided for under the Plan and will not be discharged.

### 4.6.1   Adequate Protection Payment for Claimed Secured by or Subject to a Lease of Personal Property.

Beginning not later than 30 days after the petition date and until the Plan is confirmed, the Debtor will directly pay adequate protection payments for claims secured or subject to a lease of personal property for:

*None XX_* or the *Claims Listed Below ___*

. After a confirmation of the Plan, the claims will be paid under Section 4.6.6. Make sure to list the amount of the monthly payment the Debtor will pay before confirmation, and list the last 4 digits only of the account number, if any, the lienholder uses to identify the claim:

| Lienholder | Collateral | Acct. No (last 4 numbers) | Monthly Payment |
| --- | --- | --- | --- |

### 4.6.2 Pre-Petition Arrears on Secured Claims.

Pre-petition arrears on secured claims will be paid through the Plan in equal monthly amounts while the Debtor directly pays post-petition payments beginning with the first payment due after filing the petition for:

*None X_* or the *Claims Listed Below _* (mark <u>one</u> box only).

The claims listed below include: *Claims Secured by the Debtor's Principal Residence _X* and/or *Other Property _*.

| Lienholder | Collateral | Arrears | Monthly Payment | No. Of Months. |
| --- | --- | --- | --- | --- |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

### 4.6.3   Secured Claims Paid Through the Plan

The following secured claims will be paid through the Plan in equal monthly amounts for:

*None X_* or the *Claims Listed Below_* (mark <u>one</u> box only).

Such secured claims include secured claims altered under Section 5.1 though 5.5 below. Make sure to list the interest rates to be paid:

| Lienholder | Collateral | Amount | % Rate | Monthly Payment | No. of Months |
| --- | --- | --- | --- | --- | --- |

|  |  |  |  |  |  |
|--|--|--|--|--|--|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**4.6.4   Surrender Collateral to the Lienholder.**
The Debtor will surrender collateral to the lienholder for:

*None* _ or the *Claims Listed Below* X_ (mark <u>one</u> box only).

Describe the collateral securing the claim. Any allowed claim for an unsecured deficiency will be paid pro rata with general unsecured creditors. Unless the Court orders otherwise, a claimant may amend a timely filed proof of claim for an unsecured deficiency after the entry of the confirmation order as follows: (a) the amended proof of claim asserting an unsecured deficiency claim for real property shall be filed within _180__ days ( no less than 180 days) after entry of the confirmation order; (b) the amended proof of claim asserting an unsecured deficiency claim for personal property shall be filed within __60_ days (no less than 60 days) after entry of the confirmation order. Upon plan completion, the automatic stay of 11 U.S.C. §§ 362 and 1301 terminates, if not terminated earlier, as to the collateral listed:

<u>Lienholder</u>                                                    <u>Collateral to be Surrendered</u>
Selene Finance                                              4223 Chastetree Court, Pikesville, MD
Baltimore County Department of Finance   4223 Chastetree Court, Pikesville, MD
Great Eastern Resorts                                   Masanutten Time Share
Bank of America                                           4223 Chastetree Court, Pikesville, MD
The Villages at Woodholme Condo Assoc  4223 Chastetree Court, Pikesville, MD

**4.6.5   Secured Claims Outside of the Plan**
The Debtor will directly pay the secured claims outside of the Plan for:

*None* _ or the *Claims Listed Below* X_ (mark <u>one</u> box only).

Such claims are deemed provided for under the Plan. The Debtor will also directly pay outside the plan the unsecured portion of a claim that is only partially secured, and any such unsecured claim is deemed provided for under the Plan:

<u>Lienholder</u>                    <u>Collateral to Be Paid For Outside of the Plan</u>
BMW Financial Services              2015 BMW 528i
FedChoice Federal Credit Union   7 North Bernice Ave, Baltimore, MD

**4.6.6   Secured Claim Not Listed in the Plan**
The Debtor will directly pay any allowed secured claim not listed in the Plan outside of the Plan. Any such claim will not be discharged.

**4.6.7   Additional Payments on Secured Claims**

If the Trustee is holding more funds than those needed to make the payments under the Plan for any month, the Trustee may pay amounts larger than those listed in Sections 4.6.2 and 4.6.3 pro rata.

**4.7   Unsecured Claims**

After payment of all other claims, the remaining funds will be paid on allowed general unsecured claims as follows (mark one box only):

X_ Pro Rata         _ 100%         _ 100% Plus ___ Interest.

If there is more than one class of unsecured claims, list each class and how it is to be treated:
Class of Unsecured Creditors                        Treatment

**5.   THE AMOUNT AND VALUATION OF CLAIMS.**

Secured creditors holding claims treated under Section 5 retain their liens until the earlier of: the payment of the underlying debt determined under nonbankruptcy law; or discharge under 11 U.S.C. §1328; or, if the Debtor cannot receive a discharge as provided in 11 U.S.C. §1328(f), the notice of Plan completion. If the case is dismissed or converted without completion of the Plan, liens shall also be retained by the holders to the extent recognized under nonbankruptcy law.

**5.1   Valuing a Claim or Avoiding a Lien Under 11 U.S.C. §506 Through the Plan.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. §506 through the Plan for:

*None* _XX or the *Claims Listed Below* _ (mark one box only).
**The claims listed below include:** *Claims secured by the Debtor's Principal Residence* _
**and/or** *Other Property* _____ .

Make sure to list the value of the collateral proposed to be paid through the Plan plus any interest below and in section 4.6.3 above, as appropriate. Separately file: evidence of the collateral's value; the existence of any superior lien; the exemption claimed; and the name, address, and nature of ownership of any non-debtor owner of the property. If the lienholder has not filed a proof of claim, also separately file evidence of the amount of the debt secured by the collateral. The amount and interest rate of the claim is set as listed below or by suspending Court Order. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

| Lienholder | Collateral | Amount | % Rate | Monthly Payment | No. of Months |
|---|---|---|---|---|---|

**5.2   Valuing a Claim or Avoiding a Lien Under U.S.C. §506 by Separate Motion or Adversary Proceeding.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. §506 by separate motion or an adversary proceeding for:

*None* XX_ or the *Claims Listed Below* _ (mark <u>one</u> box only).

The amount and interest rate of the claim will be set by Court order. Make sure to list the value of the collateral proposed to be paid through the plan plus any interest as determined by the Court in Section 4.6.3 above, as appropriate. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

<u>Lienholder</u>       <u>Collateral</u>

    **5.3**    **Valuing a Claim or Avoiding a Lien Under 11 U.S.C. §522(f)\* Through the Plan.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. §522(f)* through the Plan for:

*None* _XX or the *Claims Listed Below* _ (mark <u>one</u> box only).

Make sure to list the value of the collateral proposed to be paid through the Plan, plus any interest below and in Section 4.6.3 above, as appropriate. Separately file: evidence of the collateral's value; the existence of any superior lien; the exemption claimed; and the name, address, and nature of ownership of any non-debtor owner of the property. If the lienholder has not filed a proof of claim, also separately file evidence of the amount of the debt secured by the collateral. The amount and interest rate of the claim is set as listed below or by superseding Court order. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

| <u>Lienholder</u> | <u>Collateral</u> | <u>Amount</u> | <u>% Rate</u> | <u>Monthly Payment</u> | <u>No. of Months</u> |
|---|---|---|---|---|---|

*\*Under 11 U.S.C. §522(f) a Debtor may avoid a lien to the extent that it impairs an exemption if the lien is a judicial lien or a nonpossessory, non-purchase money security interest in certain property.*

    **5.4**    **Valuing a Claim or Avoiding a Lien Under 11 U.S.C. §522(f)\* by Separate Motion or an Adversary Proceeding.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. §522(f)* by separate motion or an adversary proceeding for:

*None* XX_ or the *Claims Listed Below* _ (mark <u>one</u> box only).

The amount and interest rate of the claim will be set by Court order. Make sure to list the value of the collateral proposed to be paid though the Plan plus any interest as determined by the Court in Section 4.6.3 above, as appropriate. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

<u>Lienholder</u>       <u>Collateral</u>

*Under 11 U.S.C. §522(f) the Debtor may avoid a lien to the extent it impairs an exemption of the lien is a judicial lien or a nonpossessory, non-purchase money security interest in certain property.*

    **5.5    Claims Excluded from 11 U.S.C. §506\*\***.
The Debtor will pay through the Plan the following claims excluded from 11 U.S.C. §506\*\* in full, plus any interest for:

*None*XX _ or the *Claims Listed Below* _ (mark <u>one</u> box only).

Make sure to list the amount proposed to be paid through the Plan plus any interest below and in Section 4.6.3 above, as appropriate. The amount of each claim to be paid will be established by the lienholder's proof of claim or Court Order. The interest rate of the claim is set as listed below or by superseding Court Order. A proof of claim must be filed before the Trustee makes payments.

| Lienholder | Collateral | Amount to Be Paid | % Rate | Monthly Payment | No. of Months |
|---|---|---|---|---|---|

*\*\*Claims excluded from 11 U.S.C. §506 include claims where the lienholder has a purchase money security interest securing a debt incurred within the 90-day period preceding the petition date, and the collateral consists of a motor vehicle acquired for the personal use of the Debtor, or the collateral consists of any other thing of value if the debt was incurred during the 1-year period preceding the petition date.*

**6.    APPLICATION OF PAYMENTS ON ACCOUNT OF SECURED CLAIMS.**
Payments made by the Chapter 13 Trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments under the Plan, the loan will be deemed current through the petition date.

**7.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**
Any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the Plan, is deemed rejected and the stay of 11 U.S.C. §§ 362 and 1301 is automatically terminated with respect to such property. The following executory contracts and/or unexpired leases are assumed or rejected for:

*None*XX _ or the *Claims Listed Below* _ (mark <u>one</u> box only).

Any claim for rejection damages must be filed within 60 days from entry of the order confirming this Plan.

| Lessor or Contract Holder | Subject of Lease of Contract | Assumed | Rejected |
|---|---|---|---|

**8.    REVESTING PROPERTY OF THE ESTATE.**

    Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328; or, if the Debtor cannot receive a discharge as provided in 11 U.S.C. §1328(f), upon the notice of Plan completion; or upon dismissal of the case.

**9.     NON-STANDARD PROVISIONS.**

    Any non-standard provision placed elsewhere in the Plan is void. Any and all non-standard provisions are:

*None* _ or *Listed Below* _X_ (mark <u>one</u> box only).   NEED TO FIX

Upon confirmation of this plan, the real estate known as 4223 Chastetree Court, Pikesville, Maryland 21208, and identified in paragraph 2.e.iv. above, shall vest in the Home Owners Association known as The Villages at Woodholme Condo Association, which is also a scheduled creditor in this case. No later than fifteen (15) days after the entry of an order confirming this plan, the Debtor shall cause a special warranty deed to be filed in the land records of Baltimore County, Maryland which transfers, deeds, and vest title of the real estate known as 4223 Chastetree Court, Pikesville, Maryland 21208 to the The Villages at Woodholme Condo Association. The Debtor shall bear all the cost of the preparation and filing of the deed, including any filing fees and transfer taxes. The Debtor shall deliver a filed copy of said deed to The Villages at Woodholme Condo Association within five (5) days after filing. Should this case be dismissed or converted, the transfer and vesting pursuant to this paragraph shall be void, and any party may move this court for an order so declaring."

<u>Non-Standard Plan Provisions</u>

**10.    SIGNATURES**

    The Debtor's signature below certifies that the Plan provisions above are all the terms proposed by the Debtor, and the Debtor has read all the terms and understands them the signature below of the Debtor and Debtor's Counsel, if any, also certifies that the Plan contains no non-standard provisions other than those set out in Section 9 above.

Date: December 11, 2021                                 __/s/ Gwendolyn P. Glaize_____
                                                                      Gwendolyn P. Glaize,  Debtor

_/s/ Candy L. Thompson_____
Candy L. Thompson, Esquire
Trial Bar Number 24010
Candy L. Thompson, LLC
201 North Charles Street
Suite 804
Baltimore, Maryland 21201
cthompson@candythompsonlaw.com
p 410-385-2626
f 410-244-0750
Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                             *
    Gwendolyn P. Glaize              * Case No. 21-15885
    Debtor(s)                                * Chapter 13
                                                        *
*************************************************************************

CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

*Select Section 1, A, B, or C, and complete Sections 2 and 3 if applicable, even if Section 1(a) is selected.*

1.    (Select A, B, or C):

___    A.    This is an original Plan, filed concurrently with the Petition, which will be mailed by the Clerk to all creditors on the Matrix. [*THIS OPTION MAY ONLY BE USED WHEN THE PLAN IS FILED WITH THE PETITION*]

___    B.    AMENDED PLANS ONLY INCREASING PAYMENTS: The Amended Chapter 13 Plan _ filed herewith/ _ filed on _____, 20__, makes no changes from the last previously-filed plan other than to increase the amount payable under the plan. In such event, no service is required.

_X_    C.    ALL OTHER PLANS: This is to certify that on _December 11, 2021_, I caused the Chapter 13 Plan _ filed herewith/ _ filed on _December 11, 2021, to be mailed by first class mail, postage prepaid, to all addresses on the attached matrix or list. (If any parties on the matrix were served by CM/ECF instead of by mail, so indicate on the matrix with the email address served as indicated on the CM/ECF Notice of Electronic Filing).

G. Vetter, Trustee, Interim Chapter 13 Trustee
300 E. Joppa Road, Suite #409
Towson, MD 21286
inquiries@ch13balt.com

**AND**

2.  *Check and complete this Section and Section 3 if liens are proposed to be valued or avoided through the Plan.*

   \_\_ I caused the Chapter 13 Plan \_ filed herewith / \_ filed on _____, 20\_\_, to be served pursuant to Bankruptcy Rule 7004 on the following creditor whose lien is proposed to be impacted by the Plan (and not by separate motion) under Plan Paragraph 5.1 or 5.3. State address served and method of service. See bankruptcy Rule 7004(b) if the party served is an insured depository institution. Attach separate sheets or repeat this paragraph for each creditor served.

   _____
   Name of Creditor

   _____          _____
   Name served                                         Capacity (Resident Agent, Officer, etc.)

   _____
   Address

   _____
   City, State, ZIP

   Method of Service: _____

   Date Served: _____

   **AND** Select A or B:

   A.   \_ A proof of claim has been field with respect to the lien or claim at issue prior to service of the Plan. I also mailed a copy of the Plan and supporting documents under Section 3 below to the claimant at the name and address where notices should be sent as shown on the proof of claim.

   B.   \_ No proof of claim has been filed for the lien or claim at issue.

3.  \_\_ Along with each copy of the Plan served under Section 2, I included copies of documentation supporting Debtor's entitlement to the relief sought in Plan Paragraph 5.1 or 5.3 with respect to that creditor (for example, documents establishing the value of the property and the amount of any prior liens, and the lien at issue), which I have also filed with the Court as a supplement to the Plan. ***This supplemental material need not be served with the plan on all creditors, only on affected secured creditors.***

___ This is an amended Plan and the documentation supporting Debtor's entitlement to the relief sought in Plan Paragraph 5.1 or 5.3 has been previously served and filed as ECF docket entry ___.

I hereby certify that the foregoing to true and correct.

Dated: ____December 11, 2021

_/s/ Candy L. Thompson_____
Candy L. Thompson, Esquire
Trial Bar Number 24010
Candy L. Thompson, LLC
201 North Charles Street
Suite 804
Baltimore, Maryland 21201
cthompson@candythompsonlaw.com
p 410-385-2626
f 410-244-0750
Attorney for Debtor(s)