**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| IN RE:<br><br>**Gwendolyn Patricia Glaize,**<br>**DEBTOR.** | **CHAPTER 13**<br>**CASE NO.: 21-15885** |
| **Selene Finance LP**<br>  **MOVANT,**<br>v.<br><br>**Gwendolyn Patricia Glaize, DEBTOR**<br>**Gerard Richard Vetter, TRUSTEE**<br>  **RESPONDENTS.** | **FILED PURSUANT TO 11 U.S.C**<br>**SECTIONS 362** |

## AGREED MOTION SEEKING RELIEF FROM STAY REGARDING PROPERTY AT 4223 CHASTETREE CT., PIKESVILLE, MARYLAND 21208

Selene Finance LP (the "Movant") and Gwendolyn Patricia Glaize (the "Debtor"), by their undersigned attorneys, file this agreed motion for relief from the automatic stay of 11 U.S.C. §362(a), and for cause states:

1. Gwendolyn Patricia Glaize (the "Debtor") filed a Petition for relief under Chapter 13 of the U.S. Bankruptcy Code on September 16, 2021, Case Number 21-15885, in the United States Bankruptcy Court for the District of Maryland. The Trustee is Gerard Richard Vetter.

2. This Court has jurisdiction over this contested matter pursuant to 11 U.S.C. Sections 105 and 362, 28 U.S.C. Section 157, and Rule 9014 of the Bankruptcy Rules of Procedure. Further, the Movant, pursuant to Local Rules 7012-1(b) and 9013-6, consents to the entry of final orders or judgments by the Bankruptcy Judge as to this motion.

3. On or about July 13, 2009, Gwendolyn P Gaize executed a Promissory Note ("Note")

in the original principal amount of $533,341.00. To secure the amount under the Note, the Debtor executed a Deed of Trust ("Mortgage") in the original amount of $533,341.00, dated July 13, 2009, and recorded among the Land Record of Baltimore County, Maryland in Book 0028490 at Page 354. The loan was transferred to Movant. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as **Composite Exhibit "A."** The documents include copies of the Note with indorsements (if any), recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek the lifting of the automatic stay and to foreclose, if necessary.

4. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

5. The Mortgage provides Movant a lien on the real property located in Baltimore County, Maryland, known as 4223 CHASTETREE CT., PIKESVILLE, MARYLAND 21208 (the "Property").

6. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since February 1, 2017 with arrears in the amount of $159,888.32; and post-petition due October 1, 2021 with arrears in the amount of $9,362.77 as of December 27, 2021. A copy of the breakdown of post-petition arrears is attached hereto as **Exhibit "B"**. Per the Amended Chapter 13 Plan filed on December 11, 2021, the Property is to be surrendered.

7. The value of the Property is approximately $400,000.00. The basis of this valuation is from Debtor's Schedule A/B filed on September 16, 2021. A copy is attached hereto as **Exhibit "C"**.

8. As of December 27, 2021 the entire debt under the Mortgage is now due in the amount of $577,753.13 and payable as follows:

| | |
|---|---|
| Principal Balance | $45,0502.69 |
| Interest Balance | $89,745.69 |
| Escrow Balance | $24,916.55 |
| Late Charges | $2,265.01 |
| Fees Currently Assessed | $9,751.19 |
| Pending Hazard Insurance | $522.00 |
| Recording Fee | $50.00 |
| **TOTAL:** | $577,753.13 |

9. Movant further alleges there appears to be little to no equity in the Property; therefore, the Property is not necessary for effective reorganization.

10. To the best of Movant's knowledge and belief, there are no other secured claims against the Property.

11. Movant's security interest in the subject property is being significantly jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such interest. Movant has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

12. If Movant is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

13. Movant respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Movant for its interest in the above stated collateralThe value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Movant. Additionally, Movant seeks relief from the Automatic Stay pursuant

to §362(d)(2)of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

    14. The Parties have reached an agreement represented by the attached proposed order. The Parties request that the Court enter the proposed order.

    **WHEREFORE**, Movant, prays the following relief:

    (a)  That this Honorable Court enters the attached proposed Order on Relief from Stay as agreed to by the Movant and Debtor, and

    (b)  For such other and further relief as may be required.

**SEEN AND AGREED:**

/s/ _____
Candy L. Thompson
Candy L. Thompson, LLC
201 N. Charles St., Ste. 804
Baltimore, MD 21201
(410) 385-2626
Fax : (410) 244-0750
Email: cthompson@candythompsonlaw.com
Attorney for Debtor

By: /s/ Jason Murphy
Jason Murphy
MD Federal Bar No. 14957
Robertson, Anschutz, Schneid & Crane & Partners, PLLC
11900 Parklawn Drive, Suite 310
Rockville, MD 20852
Email:jasmurphy@raslg.com
Attorney for Movant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 11, 2022, a copy of the Agreed Motion Seeking Relief from Stay has been served upon the following necessary parties in interest, via first class mail postage prepaid to:

Gwendolyn Patricia Glaize
15616 Tibberton Terrace
Upper Marlboro, MD 20774

And via electronic mail to:

Candy L. Thompson, LLC
201 N. Charles St., Ste. 804
Baltimore, MD 21201

Gerard Richard Vetter
Gerard R. Vetter, Interim Chapter 13 Trustee
300 E. Joppa Road
Suite 409
Towson, MD 21286

                                                    By: /s/ Jason Murphy
                                                    Jason Murphy
                                                    Email: jasmurphy@raslg.com